DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,                )
                                     )
            v.                        )    Criminal No. 2018-30
                                     )
PAUL GIRARD, SHAQUAN PRENTICE,       )
ROBERT BROWN, WAHILLI JAMES,         )
SHAQUIELLE CORREA, JAMES CRUZ,       )
KAREEM HARRY, TYLER EUGENE,          )
ETHERNEAL SIMON, SHERMYRA GUMBS,     )
WAYNE BELLILLE,                      )
                                     )
            Defendants.              )

**ATTORNEYS:**

**Gretchen C.F. Shappert, United States Attorney**
**George A Massucco-LaTaif, AUSA**
**Alphonso G. Andrews, AUSA**
**Meredith Jean Edwards, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Ryan W. Greene**
St. Thomas, U.S.V.I.
    *For Paul Girard,*

**Adriane J. Dudley**
**Malorie Diaz**
Dudley Rich Davis LLP
St. Thomas, U.S.V.I.
    *For Shaquan Prentice,*

**Renee Marie Andre**
Law Offices of Marjorie Rawls-Roberts PC
St. Thomas, U.S.V.I.
    *For Robert Brown,*

**Alex Omar Rosa-Ambert**
Rosa-Ambert Law Offices
San Juan, PR
    *For Wahilli James,*

**Jason Gonzalez-Delgado**
Hato Rey, PR
    *For Shaquielle Correa,*

**Miguel Oppenheimer**
San Juan, PR
    *For James Cruz,*

**Kye Walker**
St. Croix, U.S.V.I.
    *For Kareem Harry,*

**Richard F. Farrelly**
Law Offices of Birch DeJongh & Hindels PLLC
St. Thomas, U.S.V.I.
    *For Tyler Eugene,*

**Richard H. Dollison**
**Michall Joseph LaRochell**
Law Offices of Richard H. Dollison PC
St. Thomas, U.S.V.I.
    *For Etherneal Simon,*

**Kendys Pimentel-Soto**
Kendys Pimentel-Soto Law Office LLC
San Juan, PR
    *For Shermyra Gumbs,*

**Alexander Golubitsky**
Alex Golubitsky P.C.
St. Thomas, U.S.V.I.
    *For Wayne Bellille.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the United States to extend the time within which the trial in this matter must be initiated pursuant to the Speedy Trial Act.

At its inception, on or about September 13, 2018, this case involved three defendants. More recently, the Grand Jury has

returned a Third Superseding Indictment that is much broader in scope.

The Third Superseding Indictment charges eleven defendants--Paul Girard ("Girard"), Shaquan Prentice ("Prentice"), Etherneal Simon ("Simon"), Robert Brown ("Brown"), Wahilli James ("James"), Shaquielle Correa ("Correa"), James Cruz ("Cruz"), Kareem Harry ("Harry"), Tyler Eugene ("Eugene"), Shermyra Gumbs ("Gumbs"), and Wayne Bellille ("Bellille")--with forty-seven criminal counts. Count One charges each defendant with participating in a RICO conspiracy. Count Two charges each defendant with conspiracy to use a firearm during a federal crime of violence. In addition, the Third Superseding Indictment includes: 5 counts of murder in aid of racketeering activity, 4 counts of use of a firearm resulting in death, 10 counts of attempted murder in aid of racketeering activity, 2 counts of kidnapping in aid of racketeering activity, 3 counts of conspiracy to commit Hobbs Act robbery, 3 counts of Hobbs Act robbery, 1 count of attempted bank robbery, 6 counts of using a firearm during a federal crime of violence, 2 counts of assault in aid of racketeering activity, 1 count of conspiracy to possess with intent to distribute cocaine, 1 count of conspiracy to possess with intent to distribute marijuana, 1 count of possession with intent to distribute marijuana, 1 count of using

a firearm during a drug trafficking offense, 2 counts of discharge of a firearm in a school zone, 1 count of possession of a firearm with an obliterated serial number, 1 count of carjacking, and 1 count of conspiracy to launder money. The overt acts alleged and crimes charged in the Third Superseding Indictment span a period of over 5 years.

Eight defendants are charged with one or more capital crimes. The United States Attorney General is currently reviewing the matter to determine whether the United States will seek the death penalty for those defendants. The eight capital defendants are entitled to participate in this decision by submitting evidence in mitigation to the Attorney General. *See, e.g.*, *United States v. Lopez-Matias*, 522 F.3d 150, 155 (1st Cir. 2008).

In general, the Third Superseding Indictment lays out a vast and wide-ranging criminal conspiracy that is alleged to have involved multiple armed robberies and multiple drug trafficking operations along with various murders, attempted murders, and assaults in furtherance of those endeavors. The United States asserts that the associated discovery is voluminous. To meet its burden at trial, the United State plans to call more than 70 witnesses during its case-in-chief.

The Speedy Trial Act requires that a criminal defendant go to trial "within seventy days of the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Speedy Trial Act excludes from the seventy day clock a "period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161 (h)(7)(A). In making this determination, the Speedy Trial Act directs courts to consider several non-exclusive factors, including:

> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 USC § 3161(h)(7)(B).

In light of the attendant legal and factual circumstances outlined above, and because of the novel questions of law and fact presented by the RICO conspiracy alleged in the Third Superseding Indictment, the Court finds that this case is complex.

Further, while the Speedy Trial Act requires that a defendant be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Indeed, it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the normal 70-day time limit. Without an extension, the parties would be denied reasonable time necessary to review discovery materials, to explore plea negotiations, and to effectively prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *see also United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial . . . [even if the] case [i]s not 'complex.'"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding that district court did not abuse discretion by

finding that a multiple count, multiple defendant "case was complex and required additional time for adequate preparation").

The premises considered, it is hereby

**ORDERED** that the motion of the United States docketed at ECF Number 200 is **GRANTED** in part; it is further

**ORDERED** the time beginning from the date of this order granting an extension through July 29, 2019, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; and it is further

**ORDERED** that the trial in this matter shall commence promptly at 9:00 A.M. on July 29, 2019, in Saint Thomas Courtroom 1 before District Judge Curtis V. Gomez.

S\_____
    **Curtis V. Gómez**
    **District Judge**