```
                   DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,             )
                                      )
            Plaintiff,                )
                                      )
     v.                               )    Criminal No. 2018-30
                                      )
PAUL GIRARD, SHAQUAN PRENTICE,        )
ROBERT BROWN, WAHILLI JAMES,          )
SHAQUIELLE CORREA, JAMES CRUZ,        )
KAREEM HARRY, TYLER EUGENE,           )
ETHERNEAL SIMON, SHERMYRA GUMBS,      )
WAYNE BELLILLE,                       )
                                      )
            Defendants.               )
                                      )
```

ATTORNEYS:

**Gretchen C.F. Shappert, United States Attorney**
**George A Massucco-LaTaif, AUSA**
**Meredith Jean Edwards, AUSA**
**Juan Albino, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
**Alphonso G. Andrews, AUSA**
United States Attorney's Office
Christiansted, U.S.V.I.
    *For the United States of America,*

**Ryan W. Greene**
St. Thomas, U.S.V.I.
    *For Paul Girard,*

**Adriane J. Dudley**
**Malorie Diaz**
Dudley Rich Davis LLP
St. Thomas, U.S.V.I.
    *For Shaquan Prentice,*

**Renee Marie Andre**
Law Offices of Marjorie Rawls-Roberts PC
St. Thomas, U.S.V.I.
    *For Robert Brown,*

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 2

**Alex Omar Rosa-Ambert**
Rosa-Ambert Law Offices
San Juan, PR
    *For Wahilli James,*

**Jason Gonzalez-Delgado**
Hato Rey, PR
    *For Shaquielle Correa,*

**Miguel Oppenheimer**
San Juan, PR
    *For James Cruz,*

**Kye Walker**
St. Croix, U.S.V.I.
**Frantz J. McLawrence**
The McLawrence Law Firm
Fort Lauderdale, Fl
    *For Kareem Harry,*

**Richard F. Farrelly**
Law Offices of Birch DeJongh & Hindels PLLC
St. Thomas, U.S.V.I.
    *For Tyler Eugene,*

**Richard H. Dollison**
**Michall Joseph LaRochell**
Law Offices of Richard H. Dollison PC
St. Thomas, U.S.V.I.
    *For Etherneal Simon,*

**Kendys Pimentel-Soto**
Kendys Pimentel-Soto Law Office LLC
San Juan, PR
    *For Shermyra Gumbs,*

**Alexander Golubitsky**
Alex Golubitsky P.C.
St. Thomas, U.S.V.I.
    *For Wayne Bellille.*

**ORDER**

**GÓMEZ, J.**

Before the Court is Attorney Alex Golubitsky's motion to withdraw as Wayne Bellille's counsel.

### I. FACTUAL AND PROCEDURAL HISTORY

This case commenced on September 13, 2018, when the Grand Jury returned a seven-count indictment against three defendants. On November 5, 2018, the Grand Jury returned a superseding indictment that added Wayne Bellille ("Bellille") as an additional defendant. Since that date, the Grand Jury has returned a second, third, and fourth superseding indictment, which have added additional charges and defendants.

On March 25, 2019, Alex Golubitsky ("Attorney Golubitsky") was appointed to represent Bellille in this matter after the Court relieved Bellille's prior counsel.

On September 20, 2019, Attorney Golubitsky filed a motion to withdraw as counsel for Bellille. Attorney Golubitsky argues that he is required to withdraw from this case because of a current, unwaivable conflict of interest in continuing to represent Bellille. Attorney Golubitsky notes that on September 11, 2019, he associated with the law firm DiRuzzo & Company on an "of counsel" basis. Attorney Joseph DiRuzzo, III, of DiRuzzo & Company represents Aracelis N. Ayala ("Ayala"). Based on

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 4

conversations with the United States in this matter, Attorney Golubitsky understands that Ayala will be a witness at trial in the present matter.

On October 30, 2019, and October 31, 2019, the Court held a hearing on Golubitsky's motion to withdraw. After hearing evidence and argument, the Court denied the motion. On October 31, 2019, Attorney Golubitsky filed a notice of appeal from the Court's order denying his motion to withdraw. On November 1, 2019, Attorney Golubitsky filed a motion to stay Bellille's case pending the duration of Attorney Golubitsky's appeal.

## II. DISCUSSION

As a general rule, "an appeal suspends the power of the court below to proceed further in the case." *See Plant Econ., Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 278 n.7 (3d Cir. 1962). Significantly, however, an appeal from a non-appealable judgment or order--"sometimes characterized as a nullity"--does not deprive a district court of the power to proceed in a case. *See Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985) (internal quotation marks omitted); *see also Mondrow v. Fountain House,* 867 F.2d 798, 800 (3d Cir.1989) ("[A] premature notice of appeal does not divest the district court of jurisdiction."); *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980) ("'[T]he notice of appeal from a nonappealable order does not

render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal . . . .'" (quoting *United States v. Hitchmon*, 602 F.2d 689, 691 (5th Cir. 1979)).

Pursuant to 28 U.S.C. § 1291 ("Section 1291"), the United States Courts of Appeals have "jurisdiction of appeals from all final decisions of the district courts of the United States . . . and the District Court of the Virgin Islands." 28 U.S.C. § 1291. This limitation, known as the "'final judgment' rule," "ordinarily 'prohibits appellate review until conviction and imposition of sentence' in a criminal case.'" *United States v. Wright*, 776 F.3d 134, 140 (3d Cir. 2015) (quoting *Flanagan v. United States,* 465 U.S. 259, 263 (1984)). "Adherence to this rule of finality has been particularly stringent in criminal prosecutions because 'the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, 'are especially inimical to the effective and fair administration of the criminal law.'" *Abney v. United States*, 431 U.S. 651, 657 (1977) (quoting *DiBella v. United States*, 369 U.S. 121, 126 (1962)).

In criminal cases, appellate courts also have jurisdiction over certain enumerated interlocutory appeals. Section 3731, Title 18, of the U.S. Code ("Section 3731") governs the Courts

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 6

of Appeals jurisdiction over appeals by the United States in criminal cases. Section 3731 permits interlocutory appeals by the United States of "a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding" and "a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release." 18 U.S.C. § 3731.

In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), the United States Supreme Court recognized the collateral order doctrine, an exception to the final judgment rule for a "small class" of orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546. Respecting the importance of finality, the collateral order doctrine is a "'narrow' exception" with a very "modest scope." *See Will v. Hallock,* 546 U.S. 345, 350 (2006) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 868 (1994)). "To be appealable under *Cohen,* an order must

meet each of the following three requirements: it must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action and (3) be effectively unreviewable on appeal from an otherwise final judgment." *United States v. Bertoli*, 994 F.2d 1002, 1011 (3d Cir. 1993).

Under the third *Cohen* prong, "an order is 'effectively unreviewable' only 'where the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" *Praxis Properties, Inc. v. Colonial Sav. Bank, S.L.A.*, 947 F.2d 49, 58 (3d Cir. 1991), *as amended on denial of reh'g* (Nov. 13, 1991) (quoting *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 499 (1989)). In other words, the appealed "'order must be such that review postponed will, in effect, be review denied.'" *Id.* (quoting *Zosky v. Boyer,* 856 F.2d 554, 561 (3d Cir.1988)).

In *Flanagan v. United States*, 465 U.S. 259 (1984), the defendants in a four-defendant case retained a single law firm to jointly represent them. *Id.* at 261. After retaining the firm, three of the defendants moved to sever their case from the fourth defendant's case. *Id.* The United States subsequently moved to disqualify the law firm from its multiple representation of the defendants. *Id.* The district court granted

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 8

the motion and disqualified the law firm from representing any of the defendants. *Id.* at 262. Prior to trial, the defendants appealed, arguing that the disqualification of the law firm violated their Sixth Amendment right to effective assistance of counsel. *Id.* Finding that the disqualification order was an appealable collateral order under *Cohen*, the United States Court of Appeals for the Third Circuit held that it had jurisdiction to hear the defendants' appeal and affirmed. *Id.* The defendants appealed the Third Circuit's ruling and sought a writ of certiorari from the United States Supreme Court. The Supreme Court granted the writ of certiorari, held that the Third Circuit did not have jurisdiction over the defendants' appeal, and reversed. *Id.* at 262-63.

The Supreme Court explained that, given the importance of "prompt trials" in criminal cases, the *Cohen* requirements must be interpreted with "the utmost strictness." *Id.* at 265. Indeed, the Supreme Court "has found only three types of pretrial orders in criminal prosecutions to meet the requirements": (1) "[a]n order denying a motion to reduce bail"; (2) an order "denying [a] motion[] to dismiss an indictment on double jeopardy . . . grounds"; and (3) an order "denying [a] motion[] to dismiss an indictment on. . . Speech or Debate grounds." *Id.* at 265-66. Each of those circumstances "involves 'an asserted right the

legal and practical value of which would be destroyed if it were not vindicated before trial.'" *Id.* at 266 (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 266 (1982)). An order denying bail "becomes moot if review awaits conviction and sentence." *Id.* Further, the rights guaranteed by the Double Jeopardy Clause and the Speech and Debate Clause are not rights not to be convicted but rather rights not to be tried for certain offenses. *Id.* Thus, refusals to reduce bail or dismiss an indictment on Double Jeopardy or Speech and Debate grounds "are truly final and collateral, and the asserted rights in all three cases would be irretrievably lost if review were postponed until trial is completed." *Id.*

The Supreme Court noted that meritorious Sixth Amendment claims generally fall into two categories. *See id.* at 267-68. The first category includes claims that result in automatic reversal. Such a claim "is not 'effectively unreviewable on appeal from a final judgment.'" *Id.* at 268. The second category includes those claims that require a showing of prejudice. *Id.* The determination of such a claim is "not independent of the issues to be tried" because "[i]ts validity cannot be adequately reviewed until trial is complete." *Id.* In either case, such claims do not fall within the collateral order doctrine. *Id.*

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 10

Here, Attorney Golubitsky has appealed the Court's order denying his motion to withdraw as counsel because of a purported conflict of interest. If Attorney Golubitsky is correct, the Court's denial of Attorney Golubitsky's motion would be violative of Bellille's right to conflict-free counsel. *See Wood v. Georgia,* 450 U.S. 261, 271 (1981) ("Where a constitutional right to counsel exists, [the Supreme Court's] . . . Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest."). Such claims are cognizable on appeal from a final conviction and sentence. *See, e.g.*, *United States v. Gambino*, 864 F.2d 1064, 1070 (3d Cir. 1988). Attorney Golubitsky's petition to withdraw is just such a claim. Consistent with *Flanagan*, that type of claim "is not 'effectively unreviewable on appeal from a final judgment,'" *see* 465 U.S. at 268, and is not covered by the collateral order doctrine.

The premises considered, it is hereby

**ORDERED** that Attorney Golubitsky's motion for a stay docketed at ECF Number 583 is **DENIED.**

S\_____
**Curtis V. Gómez**
**District Judge**