DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                    )<br>          Plaintiff,                )<br>                                    )<br>          v.                        )<br>                                    )<br>PAUL GIRARD, SHAQUAN PRENTICE,      )<br>ROBERT BROWN, WAHILLI JAMES,        )<br>SHAQUIELLE CORREA, JAMES CRUZ,      )<br>KAREEM HARRY, TYLER EUGENE,         )<br>ETHERNEAL SIMON, SHERMYRA GUMBS,    )<br>WAYNE BELLILLE,                     )<br>                                    )<br>          Defendants.               )<br>                                    ) | Criminal No. 2018-30 |

**ATTORNEYS:**

**Gretchen C.F. Shappert, United States Attorney**
**George A Massucco-LaTaif, AUSA**
**Meredith Jean Edwards, AUSA**
**Juan Albino, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
**Alphonso G. Andrews, AUSA**
United States Attorney's Office
Christiansted, U.S.V.I.
     *For the United States of America,*

**Kye Walker**
St. Croix, U.S.V.I.
**Frantz J. McLawrence**
The McLawrence Law Firm
Fort Lauderdale, Fl
     *For Kareem Harry,*

## ORDER

**GÓMEZ, J.**

Before the Court is the appeal of the United States of a January 11, 2019, release order issued by Magistrate Judge Erin Wilder-Doomes in the Middle District of Louisiana.

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 2

This case commenced on September 13, 2018, when a Grand Jury sitting in the Virgin Islands returned a seven-count indictment against three defendants. Since then, the Grand Jury has returned several superseding indictments that added additional defendants and charges.

On December 20, 2018, the Grand Jury returned a ten-count Second Superseding Indictment which added Kareem Harry ("Harry") as a defendant for the first time. The Second Superseding Indictment charged Harry with a single count of use of a firearm resulting in death in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j).

On January 7, 2019, Harry was arrested in Baton Rouge, Louisiana. On January 11, 2019, Harry appeared before Magistrate Judge Erin Wilder-Doomes in the Middle District of Louisiana for a detention hearing. The Magistrate Judge ordered Harry released pending trial, but stayed that order to allow the United States an opportunity to appeal her ruling. On January 14, 2019, the United States appealed that order of release to this Court.

On January 17, 2019, the Grand Jury returned a forty-seven count Third Superseding Indictment. The Third Superseding Indictment charges Harry with ten counts.[1] Thereafter, on

---

[1] Count One charges Harry with participating in a RICO conspiracy as a "soldier[]" for the leader of the criminal enterprise. *See* ECF No. 174 at

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 3

February 22, 2019, the United States moved pursuant to 18 U.S.C. § 3142(f)(1) and (2) to detain Harry.

On November 19, 2019, Magistrate Judge Ruth Miller in the District of the Virgin Islands held a detention hearing. After hearing arguments from the parties, the Magistrate Judge explained that she would take the information presented under advisement and would issue a written opinion.

On December 2, 2019, the United States filed a motion to withdraw its January 14, 2019, appeal of the Louisiana Magistrate Judge's release order.

On December 4, 2019, Magistrate Judge Ruth Miller entered an order detaining Harry. Given these developments, the continuing viability of the United States's appeal is diminished for several reasons.

The Bail Reform Act permits a judicial officer to reopen a detention hearing "before or after a determination by the judicial officer, at any time before trial if the judicial

---

¶ 6.a. Count Two charges Harry with conspiracy to use a firearm during a federal crime of violence. Count Eleven charges Harry with murder in aid of racketeering activity. Count Twelve charges Harry with use of a firearm resulting in death. Count Thirteen charges Harry with assault in aid of racketeering activity. Count Twenty charges Harry with kidnapping in aid of racketeering activity. Count Twenty-One charges Harry with using a firearm during a federal crime of violence. Count Twenty-Four charges Harry with murder in aid of racketeering activity. County Twenty-Five charges Harry with use of a firearm relating in death. Count Twenty-Six charges Harry with discharge of a firearm in a school zone. The Indictment also includes special findings as to Harry, alleging that he is eligible for the death penalty.

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 4

officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue," 18 U.S.C. § 3142(f)(2), of whether to detain or release a defendant.

In this case, the Third Superseding Indictment added nine charges against Harry. That information did not exist when the Magistrate Judge in Louisiana issued an order releasing Harry pending trial. The charges allege serious offenses which in turn present serious potential consequences. At the November 19, 2019, detention hearing and in the December 4, 2019, detention order, Magistrate Judge Ruth Miller found that the new charges presented by the Third Superseding Indictment constitute information that (1) was not known to the United States at the time of the initial detention hearing and (2) has a material bearing on the issue of release pending trial. Indeed, the charging document--the Second Superseding Indictment--and relevant circumstances that informed Magistrate Judge Erin Wilder-Doomes's January 11, 2019, release order are no longer operative. As such, Magistrate Judge Ruth Miller determined that it was proper to reopen the detention hearing to consider the current operative charging document and its associated information. *See, e.g., United States v. Henderson*, 57 F. App'x 470, 471 (2d Cir. 2003) ("Under 18 U.S.C. § 3142(a), when a

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 5

person is charged in a superceding [sic] indictment, a new detention proceeding is appropriate in light of the changed circumstances and new factors.")

With the April 25, 2019, filing of the Fourth Superseding Indictment and the issuance of the December 4, 2019, detention order, the continuing viability of the January 11, 2019, release order, which was based on a charging document that is no longer operational, and from which an appeal was taken is legally tenuous. Moreover, the United State's motion to withdraw its January 14, 2019, appeal, which this Court construes as a notice of withdrawal of its appeal, obviates the need to resolve that appeal as it is moot. *See, e.g., Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 296 (3d Cir. 2001) ("If events occur after the filing of a notice of appeal that moot the issues presented, then there is no remaining justiciable controversy."); *cf. United States v. Lopez*, 7 F. App'x 272, 273 (4th Cir. 2001) (finding that a defendant's abandonment of his motion to withdraw a plea "obviate[ed] the need for the [district] court to further address the matter").

The premises considered, it is hereby

**ORDERED** that the United States's appeal of Magistrate Judge Erin Wilder-Doomes's January 11, 2019, release order, ECF No. 161, is **MOOT**; it is further

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 6

**ORDERED** that Harry's motion, ECF No. 390, for a ruling on the United State's appeal of Magistrate Judge Erin Wilder-Doomes's January 11, 2019, release order, ECF No. 161, is **MOOT**; and it is further

**ORDERED** that Harry's motion, ECF No. 292, for leave to file an objection to the United State's appeal of Magistrate Judge Erin Wilder-Doomes's January 11, 2019, release order, ECF No. 161, is **MOOT**.

                                               S\_____
                                                   **Curtis V. Gómez**
                                                   **District Judge**